

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-81,772-01

### EX PARTE ANTHONY RAY DAVISON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 24709 IN THE 278TH DISTRICT COURT
### FROM WALKER COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the

clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte*

*Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to

burglary of a building, and was sentenced to twenty years' imprisonment. The Eleventh Court of

Appeals affirmed his conviction. *Davison v. State*, No. 11-10-00301-CR (Tex. App. – Eastland,

August 9, 2012), *aff'd*, *Davison v. State*, 405 S.W.3d 682 (Tex. Crim. App. 2013).

Applicant contends that his trial counsel rendered ineffective assistance because counsel

failed to advise him of the punishment range attached to the offense as enhanced by three prior

felony convictions, erroneously advised him that he would be eligible for SAFP if and only if he entered an open plea to the trial court, failed to object to admonishments which described only the un-enhanced punishment range for the primary offense, and failed to object when the trial court sentenced Applicant to the maximum punishment for the offense as enhanced.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. Specifically, counsel shall state what advice she gave Applicant regarding his options for trial or plea. Counsel shall state whether she advised Applicant of the punishment range for the offense as enhanced, and why she did not object to the written admonishments, which contained the punishment range for the un-enhanced offense only. Trial counsel shall state whether she considered objecting when the trial court imposed a sentence for the enhanced offense, after having admonished Applicant only as to the punishment range for the un-enhanced state jail felony offense. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall supplement the record with transcripts of the plea and sentencing proceedings in this case. The trial court shall then make findings of fact and conclusions of law as

to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: August 20, 2014
Do not publish